IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KBS PREOWNED VEHICLES, LLC,
a West Virginia limited liability company,
    Plaintiff,

v.                                                Civil Action No. 1:13 CV 138

REVIVA, INC., a foreign corporation, and
UNITED FINANCIAL CASUALTY COMPANY,
a foreign corporation also known as Progressive,
    Defendants.

## MEMORANDUM OPINION AND ORDER DECIDING DOCKET ENTRY 47

### I.
### Facts

This is an action in which Plaintiff seeks damages from Defendants for alleged failure to properly repair Plaintiff's 2003 International Truck[1] and alleged failure to properly and timely adjust Plaintiff's insurance claim arising out of a May 9, 2011 engine compartment fire in that truck.

The action was initiated in State Court and removed to this Court effective May 6, 2013 (DE 1, 2, 3, and 5). A scheduling order was entered by the District Judge on July 17, 2013 setting trial in the case for August 19, 2014, setting close of discovery by March 31, 2014, and setting the motions due date for April 30, 2014 (DE 15). By summary order dated July 25, 2013 the District Judge bifurcated Counts 3, 4 and 5 from the remaining counts of Plaintiffs' complaint[2] and stayed

---

[1] Plaintiff's amended complaint (DE 23-1) generally alleges that post fire in the engine compartment of a 2003 International Truck, an inferior Reviva motor was twice installed in the fire damaged truck at the insistence of United resulting in downtime type damages and United refused to pay for repairs to a wiring harness resulting in downtime damages and costs of repair.

[2] Count 3 alleges "Breach Of The Implied Covenant Of Good Faith And Fair Dealing" against United. Count 4 alleges "Unfair Claim Settlement Practices" against United. Count 5 alleges "'Hayseeds' Claim" against United. Count 1 alleges "Breaches Of Contract & Warranty" against Reviva. Count 2 alleges "Breach Of Contract" (the insurance contract) against United.

discovery as to the bifurcated Courts (DE 17).

Plaintiff filed "Preliminary Expert Witness Disclosure November 14, 2013 (DE 35) disclosing John G. Barnes of Barnes & Associates, Inc. as an expert witness. January 7, 2014 Defendant United Financial Casualty Company (hereinafter referred to as "United") filed the subject "Motion To Strike Plaintiff's Expert" (DE 47). Plaintiff filed its Response January 21, 2014 (DE 63). United filed its Reply January 28, 2014 (DE 66).

The parties filed a Joint Motion to Amend/Correct Scheduling Order March 25, 2014 (DE 81) seeking a four month extension in discovery. The extension sought would extend close of discovery from March 31, 2014 to July 31, 2014; and would impact the District Judge's trial date and all pretrial dates following close of discovery set by the District Judge in the Scheduling Order (DE 15).

By Order dated march 25, 2014 the District Judge specifically referred DE 47 and generally referred "any discovery request or subsequent non-dispositive pretrial motions filed in the case" to the undersigned magistrate judge (DE 82).

Since DE 81 was filed before the referral order, is not a "subsequent non-dispositive pretrial motion" or a discovery request which is in dispute, and is a motion which would affect the District Judges' trial calendar if granted, the undersigned magistrate judge will not consider it.

The undersigned entered a Memorandum Opinion And Order Deciding Docket Entry 47 on April 14, 2014 (DE 88). The order found Plaintiff's expert witnesses report was insufficient and scheduled a hearing on "the issue of the appropriate remedy to be imposed considering the factors outlined in Southern States Rack & Fixture, Inc. V. Sherwin - Williams Co. and Sullivan v. Glock, Inc."

April 28, 2014 came the plaintiff by its counsel, Andrew G. Meek, and also came the

defendant by its counsel, Susan R. Snowden, for hearing on "the appropriate remedy to be imposed."

On consideration of the prior findings and the arguments of counsel during the April 28, 2014 hearing, the undersigned magistrate judge finds: 1) in the absence of the proposed expert witness testimony of John G. Barnes, Plaintiff may be unable to prosecute the civil action; 2) Plaintiff's counsel thought the first Barnes' report was adequate and failure to file a proper report was unintentional; 3) because the case is not yet scheduled for trial and any expert offered by Plaintiff will be subjected to a *Daubert* challenge, Defendant is not prejudiced by granting Plaintiff additional time to submit a proper report and 4) the parties agree the case is not ready for trial and have not submitted a final pretrial schedule for consideration by the court.

Accordingly, Plaintiff shall have ten (10) days from April 28, 2014 within which to file a new expert witness report for John G. Barnes.

**The Clerk is directed to provide electronic notice of filing of this order to all counsel of record and to remove DE 47 from the docket of motions pending before the Court.**

**It is so ORDERED.**

**Dated: April 28, 2014**

*John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**